wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debbie McNutt; Jim Primeau, d/b/a Primeau Funding,<br><br>  Plaintiffs,<br><br>vs.<br><br>Key Financial Corporation,<br><br>  Defendant. | No. CV-09-01847-PHX-ROS<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss (Doc. 10), which will be granted in part.

**BACKGROUND**

On August 13, 2009, Plaintiffs filed a Complaint in Maricopa County Superior Court alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. On September 4, 2009, Defendant removed the action to this Court based on diversity jurisdiction. Defendant moves to dismiss the breach of the implied covenant of good faith and fair dealing and unjust enrichment claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendant does not move to dismiss the breach of contract claim.

In September 2008, Defendant contacted Plaintiffs to request assistance in obtaining a warehouse credit line.[1] Defendant agreed to pay ".10bps"[2] monthly off any line Plaintiffs helped secure. Plaintiffs secured a $35 million line of credit for Defendant through Wells Fargo. Defendant has refused to pay Plaintiffs for their service.

## STANDARD

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits a challenge to a complaint for "failure to state a claim upon which relief can be granted." When adjudicating the sufficiency of a claim, a court's inquiry "is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008). Facts adduced in a plaintiff's opposition papers but not included in the complaint are inappropriate for consideration on a Rule 12(b)(6) motion; they may, however, aid a court in determining whether to grant plaintiff leave to amend the complaint instead of effecting dismissal. *See Broam v. Bogan,* 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice."); *see also Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) (identifying "two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion"–material subject to judicial notice and material attached to or referenced in the complaint).

## DISCUSSION

Defendant moves to dismiss the breach of the covenant of good faith and fair dealing and unjust enrichment. Defendant argues the breach of the covenant of good faith and fair dealing and unjust enrichment claims are based on conclusory allegations that fail to meet

---

[1] According to Defendant, a "warehouse line" is a revolving line of credit from a lender to a mortgage banker.

[2] The parties do not define the meaning of this term.

the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Aschroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") provides the yardstick for determining the sufficiency of a complaint in a Rule 12(b)(6) analysis. According to Rule 8(a)(2), a proper claim for relief need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted Rule 8(a)(2) to require that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The *Bell Atlantic* standard requires neither "heightened fact pleading of specifics" nor "detailed factual allegations," but a plaintiff cannot rely on "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 1964-65, 1974. In this way, while "[s]pecific facts are not necessary," a plaintiff must allege enough facts to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (*per curiam*) (internal citation omitted).

## I. Breach of the Covenant of Good Faith and Fair Dealing

Defendant argues the Plaintiffs fail to allege facts separate from the facts underlying the breach of contract claim that could constitute a distinct claim for breach of the covenant of good faith and fair dealing, such as an allegation of bad faith. As the basis for the breach of the covenant of good faith and fair dealing claim, the Complaint alleges: (1) Defendant agreed to pay Plaintiffs if Plaintiffs secured a warehouse credit line for Defendant, (2) Plaintiff secured the credit line as requested, (3) Defendant breached the implied covenant of good faith and fair dealing arising from the contract by "taking actions that prevented Primeau from obtaining the expected benefits of the contractual relation," and (4) Plaintiffs have suffered resulting damages.

These allegations amount to a recitation of the elements of the cause of action asserted and provide insufficient factual basis to raise Plaintiff's right to relief above the speculative level. Plaintiffs do not indicate what actions Defendant took that constitute a breach of the

covenant of good faith and fair dealing. Plaintiffs' allegation that Defendant took actions that prevented Plaintiffs from receiving the benefit of the contract is a conclusory recitation of the primary component of the cause of action. As such, it does not provide Defendant with fair notice of the factual grounds upon which the claim rests. The breach of the covenant of good faith and fair dealing claim will therefore be dismissed. Plaintiffs argue there are facts they could have alleged to support the claim. Plaintiffs will be given leave to file an amended complaint that reasserts the claim in a manner that satisfies Rule 8 and puts Defendant on fair notice of the factual basis underlying it.

**II.    Unjust Enrichment**

The Complaint alleges the following basis for the unjust enrichment claim: (1) Defendant sought a financial benefit from Plaintiffs, (2) Defendant knew Plaintiffs' services were not free, (3) Defendant expected to and actually did receive a benefit from Plaintiffs, (4) Defendant was unjustly enriched to Plaintiffs' detriment. In the introductory paragraphs of the Complaint, the following additional relevant facts are alleged: (5) Wells Fargo required Plaintiffs' assistance in securing the credit line, (6) Plaintiffs assisted Defendant through five submissions of information and documentation before Wells Fargo gave approval for the line, and (7) Plaintiffs were intimately and constantly involved in the entire process over the many months it took to secure the line. Plaintiffs have alleged a sufficient factual basis to support an unjust enrichment claim.

In addition to arguing the unjust enrichment claim is plead with insufficient factual detail under Rule 8, however, Defendant argues the claim fails to state a claim because it is based on the same facts as Plaintiffs' breach of contract claim. Defendant notes that an unjust enrichment claim is unavailable where a contract expressly governs the relationship between the parties. Defendant is correct. Unjust enrichment occurs when "one party has and retains money or benefits that in justice and equity belong to another" and a different legal remedy is lacking. *Trustmark Ins. Co. v. Bank One, Arizona, NA*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002). Where "there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Brooks v. Valley Nat'l*

1 *Bank*, 548 P.2d 1166, 19071 (Ariz. 1976). Because Plaintiffs have alleged a contract existed, Defendant argues Plaintiffs are precluded from also asserting an unjust enrichment claim based on the same operative facts.

Plaintiffs argue that they are entitled to plead the unjust enrichment claim as an alternative to the breach of contract claim. A plaintiff is permitted to plead an unjust enrichment claim in the alternative where the validity of a relevant contract is disputed. *Johnson v. KB Home*, 2010 WL 1268144, * 10 (D. Ariz. 2010). Defendant has not conceded that a valid contract existed between the parties, and the validity of the contract alleged thus remains in doubt. Plaintiffs may plead the unjust enrichment claim as an alternative to the breach of contract claim. The Motion to Dismiss will be denied as to the unjust enrichment claim.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 10) **IS GRANTED IN PART.** The breach of the covenant of good faith and fair dealing claim is dismissed. Plaintiffs may file an amended complaint within two weeks from the date of this Order that reasserts the claim in a manner that satisfies Rule 8. If Plaintiff fails to do so, the case was proceed solely on the breach of contract and unjust enrichment claims.

DATED this 8th day of September, 2010.

_____
Roslyn O. Silver
United States District Judge